IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA S. FERRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1110 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Bank of America, N.A.'s Motion for Summary Judgment (Document No. 15). Plaintiff Laura S. Ferrell has filed no response to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes as follows.

I. Background

Plaintiff Laura S. Ferrell ("Plaintiff") brings suit to prevent foreclosure on her home located at 14211 Lakewood Forest, Houston, Harris County, Texas 77070 ("the Property").[1] Plaintiff defaulted on her home equity loan,[2] but argues that the loan is void because it violates the Texas Constitution.[3] Defendant Bank of America, N.A. ("Defendant"), the holder of the Note and Deed of

---

[1] Document No. 2-1 (Orig. Pet.).

[2] Document No. 15 ¶ 8.

[3] Document No. 2-1 ¶ 16.

Trust,[4] now moves for summary judgment.[5] Plaintiff has not responded to Defendant's Motion for Summary Judgment.

## II. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly-supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1).

---

[4] Id. ¶ 10.

[5] Document No. 15.

2

"The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Analysis

Plaintiff alleges that the home equity loan violated three provisions of Article XVI of the Texas Constitution: the loan closed before the end of the 12-day cooling-off period in violation of Section 50(a)(6)(M), she did not receive a copy of all final

3

executed documents in violation of Section 50(a)(6)(Q)(v), and she and the lender did not execute an acknowledgment as to the fair market value of the property on the date the extension of credit was made, a violation of Section 50(a)(6)(Q)(ix).[6] Defendant produces evidence that all three of these conditions were met.

Under the Texas Constitution, a home equity loan cannot be closed before "the 12th day after the later of the date that the owner of the homestead submits an application to the lender for the extension of credit or the date that the lender provides the owner a copy of the notice" indicating that the loan is governed by Article XVI. TEX. CONST. art. XVI § 50(a)(6)(M)(i) (amended November 6, 2007). The uncontroverted summary judgment evidence is that Plaintiff submitted an online loan application to the original lender, Countrywide Bank, on August 1, 2007,[7] and that Plaintiff signed the Disclosure Notice on September 26, 2007.[8] The loan was

---

[6] Document No. 2-1 ¶ 17.

[7] Document 15-2, ex. A ¶ 8 (Declaration of Donlita Cloud, Assistant Vice President, Operations Team Manager for Bank of America) ("Plaintiff first applied for the loan by submitting a loan application to Countrywide Bank on August 1, 2007. This is shown on the true and correct copy of the final 'typed up' application signed at closing where it is indicated that the loan application was first taken by the Internet on August 1, 2007.") (footnotes omitted); Id., ex. A-8 at 3 (Uniform Residential Loan Application stating that the application was taken by Internet on August 1, 2007).

[8] Id., ex. A-9.

closed on October 18, 2007,[9] more than 12 days after the Disclosure Notice was signed. Furthermore, at closing, Plaintiff signed an Affidavit swearing:

> The Note and Security Instrument have not been signed before the twelfth (12th) day after the later of the date the owner of the Property submitted an application to the Lender, or the Lender's representative for the Extension of Credit, or the date that the Lender, or the Lender's representative provided the owner with a copy of the Notice Concerning Extensions of Credit defined by Section 50(a)(6), Article XVI of the Texas Constitution ("the Notice").[10]

Plaintiff has not raised a genuine issue of material fact on her claim that the loan was made in violation of Section 50(a)(6)(M)(i).

When the loan was made, the Texas Constitution required that "the lender, at the time the extension of credit is made, provide the owner of the homestead a copy of all documents signed by the owner related to the extension of credit." TEX. CONST. art. XVI, § 50(a)(6)(Q)(v) (amended November 6, 2007).[11] The uncontroverted

---

[9] Id., ex. A ¶ 5; Id., ex. A-1 (Texas Home Equity Note dated October 18, 2007); Id., ex. A-2 (Texas Home Equity Security Instrument signed October 18, 2007)

[10] Id., ex. A-6 at 2 ¶ J.

[11] Plaintiff's Original Petition refers to the current version of the Texas Constitution, effective November 6, 2007, which reads that "at the time the extension of credit is made, the owner of the homestead shall receive a copy of the final loan application and all executed documents signed by the owner at closing related to the extension of credit." Art. XVI, § 50(a)(6)(Q)(v). See Document No. 2-1 ¶ 17. The Court must apply the version of the

summary judgment evidence is that Plaintiff signed a Receipt of Document Copies, acknowledging that she had received a copy of all documents she "signed at closing in connection with the extension of credit . . . under Section 50(a)(6), Title XVI of the Texas Constitution," and listing the documents she had received.[12] Plaintiff has not controverted this summary judgment evidence to raise so much as a genuine issue of material fact on her claim that the loan failed to comply with Section 50(a)(6)(Q)(v).

Finally, the Texas Constitution requires that "the owner of the homestead and the lender sign a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made." TEX. CONST. art. XVI § 50(a)(6)(Q)(ix) (amended November 6, 2007). The summary judgment evidence shows that Plaintiff and the lender signed an Acknowledgment Regarding Fair Market Value of Homestead Property, agreeing that the fair market value of the property at closing was $175,000.[13] Furthermore, the Affidavit Plaintiff signed at closing stated that "[t]he lender and each owner of the Property have

---

Texas Constitution that was in effect at closing. See Cerda v. 2004-EQR1 L.L.C., 612 F.3d 781, 787 (5th Cir. 2010) ("[T]he home equity loan amendments do not apply retroactively . . . Thus, we apply the version of the Texas Constitution that was in effect in 2002-when the Cerdas entered into the loan with New Century Mortgage . . . .").

[12] Document No. 15-2, ex. A-7.

[13] Id., ex. A-5.

signed a written acknowledgment as to the fair market value of the Property on the date the Extension of Credit is made."[14] Accordingly, the summary judgment evidence conclusively establishes that the loan complied with Section 50(a)(6)(Q)(ix).

## V. Order

Based on the foregoing, it is

ORDERED that Defendant Bank of America, N.A.'s Motion for Summary Judgment (Document No. 15) is GRANTED, and all claims of Plaintiff Laura S. Ferrell claims against Defendant are DISMISSED on the merits.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 10TH day of September, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[14] Id., ex. A-6 at 3 ¶ U.